United States District Court
Southern District of Texas
**ENTERED**
July 01, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETE BUTTIGIEG, Secretary of Transportation, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| | § | CIVIL ACTION NO. H-22-0817 |
| ADVERSITY TRANSPORT INC., 4 LIFE TRANSPORT CORPORATION, DELREY BOWIE, SHAQUAN JELKS, and SHALONDA CROSS, | § § § § § | |
| Defendants. | § | |

## ORDER

Pending before the court is Plaintiff's Motion for Summary Judgment and Supporting Memorandum ("Plaintiff's MSJ") (Docket Entry No. 7) filed by Pete Buttigieg, Secretary of Transportation ("Plaintiff"). Although Plaintiff's MSJ was served on defendants on May 10, 2022, none of the defendants have responded to the motion. Plaintiff's MSJ and the Declaration of Jeffrey S. Langloss ("Langloss Dec."), Exhibit 1 to United States Secretary of Transportation's Emergency Motion for a Preliminary Injunction ("Plaintiff's Preliminary Injunction Motion"), Docket Entry No. 2-1, and supporting exhibits establish as a matter of law that defendants Adversity Transport Inc. and 4 Life Transport Corporation are commercial motor vehicle companies ("CMVs") operating in and affecting interstate commerce, and that they are

subject to regulation by the Federal Motor Carrier Safety Administration ("FMCSA"). Pursuant to its rule-making authority and federal motor carrier statutes, including 49 U.S.C. §§ 31136(a) and 31502, the FMCSA has adopted regulations governing the safe operation of CMVs. See 49 C.F.R. Parts 350-399 ("Federal Motor Carrier Safety Regulations" or "FMCSRs").

Defendant Shaquan Jelks is the president of Adversity Transport Inc. and an operator of CMVs for 4 Life Transport Corporation. Defendant Delrey Bowie is director of Adversity Transport Inc. Defendant Shalonda Cross is the owner and director of 4 Life Transport Corporation. In these capacities the individual defendants are subject to the federal motor carrier statutes and regulations.

Federal motor carrier safety statutes and regulations allow the FMCSA to determine that a motor carrier's operation poses an "imminent hazard to safety," meaning that its operations substantially increase the likelihood of serious injury or death if not discontinued immediately. The issuance of an Imminent Hazard Out-of-Service Order ("Imminent Hazard Order") requires the immediate cessation of all operations necessary to abate the hazard – including the operation of all CMVs. 49 U.S.C. § 521(b)(5); 49 C.F.R. § 386.72(b).

Individuals are prohibited from attempting to evade compliance with FMCSA imminent hazard or other orders or regulations or to

mask their noncompliance by shifting their operations to a company with common ownership or control under another name. 49 U.S.C. §§ 524, 13902, 14906, 31134, 31135; 49 C.F.R. §§ 385.907; 385.1005.

The FMCSA issued Imminent Hazard Orders to defendants by "(1) direct[ing] them to cease all operations immediately; (2) prohibit[ing] them from continuing operations under another identity; (3) order[ing] them to notify FMCSA's Regional Field Administrator of the location of the CMVs under their control; and (4) prohibit[ing] the sale, lease, or transfer of equipment under their control without the written approval of the Regional Field Administrator. [See] Langloss Dec. [¶¶] 21, 33." (Plaintiff's MSJ, Docket Entry No. 7, p. 16) The summary judgment evidence establishes as a matter of law that defendants violated these Imminent Hazard Orders.

The summary judgment evidence also establishes as a matter of law that defendant 4 Life Transport Corporation continued to operate without required registration, in violation of 49 U.S.C. §§ 13901, 31134 and 49 C.F.R. §§ 392.9a(a) and 392.9(b). See Langloss Dec., p. 14 ¶¶ 35-36.

The summary judgment evidence establishes that the injunctive relief sought by Plaintiff in its Complaint (Docket Entry No. 1) and in its Preliminary Injunction Motion (Docket Entry No. 2) is necessary to protect the safety of the public and to enforce compliance with the FMCSA regulations and orders.

Accordingly, Plaintiff's Motion for Summary Judgment (Docket Entry No. 7) is **GRANTED**, and the court will enter a final judgment granting Plaintiff injunctive relief.  Although Plaintiff's Complaint also seeks civil penalties (See Docket Entry No. 1, p. 17 ¶ F.), Plaintiff's MSJ does not address civil penalties.  Plaintiff's request for civil penalties will therefore be denied.

Plaintiff is **ORDERED** to serve copies of this Order and the court's Final Judgment on defendants.

**SIGNED** at Houston, Texas, on this the 1st day of July, 2022.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE